1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14

FEDERAL DEPOSIT INSURANCE
CORPORATION as Receiver for Washington
Mutual Bank,

Plaintiff,

v.

ARCH INSURANCE COMPANY, *et al.*,

Defendants.

No. C14-545RSL

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO
COMPEL

15
16
17

This matter comes before the Court on "Plaintiff Federal Deposit Insurance Corporation's Motion to Compel Defendants to Produce Documents."  Dkt. # 67.  Having reviewed the parties' briefing, declarations, exhibits, and the remainder of the record,[1] the Court finds as follows.

18
19
20
21
22
23

In this case, plaintiff Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank ("FDIC-R"), sues various insurance companies for refusing to cover certain losses under fidelity bond insurance policies held by Washington Mutual Bank ("WaMu").  FDIC-R alleges that WaMu suffered these losses as a result of a criminal mortgage fraud scheme perpetrated on WaMu by two of its lenders.  In discovery, FDIC-R seeks documents related to

24
25
26
27

[1] Defendants move to strike arguments raised for the first time in plaintiff's reply brief.  Dkt. # 92.  It is true that the Court may not rely on arguments raised for the first time in a moving party's reply brief without giving the non-moving party an opportunity to respond.  See <u>Provenz v. Miller</u>, 102 F.3d 1478, 1483 (9th Cir. 1996).  The Court grants this motion and declines to consider those arguments.

28

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL - 1

1    the insurers' handling, adjustment, or investigation of WaMu's claim; defendants respond that

2    most of the requested documents are either irrelevant, privileged, or too voluminous to produce.

3    Dkt. ## 76, 78, 80.

4           Under the Federal Rules of Civil Procedure, parties may generally obtain discovery

5    regarding any non-privileged matter that is relevant to any party's claim or defense and

6    proportional to the needs of the case.  Information need not be admissible at trial to be

7    discoverable.  Fed. R. Civ. P. 26(b)(1).  During discovery, a party served with requests for

8    production must comply within 30 days.  Fed. R. Civ. P. 34(b)(2)(A).  The party seeking

9    discovery may move for an order compelling disclosure or discovery after good-faith attempts to

10   obtain compliance without court action have been unsuccessful.  Fed. R. Civ. P. 37(a)(1).

11          Because defendants have asserted that WaMu's losses are not covered by the terms of the

12   insurance policies, the materials sought by FDIC-R are indeed relevant to the insurance

13   companies' defenses.  See Milgard Mfg., Inc. v. Liberty Mut. Ins. Co., No. C13-6024BHS, 2015

14   WL 1884069, at *2 (W.D. Wash. Apr. 24, 2015).  The FDIC-R's First Document Request Nos.

15   1–4 seek documents from the insurers' "claim files" for the claim giving rise to this suit and are

16   certainly relevant to the parties' claims and defenses.  Documents discussing or clarifying the

17   meaning of the disputed policy terms are relevant even if not contained in WaMu's underwriting

18   files.  Polygon Northwest Co., LLC v. Steadfast Ins. Co., No. C08-1294RSL, 2009 WL

19   1437565, at *2 (W.D. Wash. May 22, 2009) ("[T]he manner in which [the insurer] has handled

20   the claims of other insureds with identical policy language is potentially relevant to this action.

21   Evidence that [the insurer] has acted in an inconsistent manner in resolving claims where similar

22   policies were involved could undermine defendant's position that the language in question is

23   clear and unambiguous." (internal quotation marks omitted)).  And while the parties dispute the

24   admissibility of extrinsic evidence to resolve the meaning of ambiguous policy language,

25   requested material need not be admissible to be discoverable.  Fed. R. Civ. P. 26(b)(1).

26          Still, even relevant discovery must be proportional to the needs of the case.  Fed. R. Civ.

27

28   ORDER GRANTING IN PART
     PLAINTIFF'S MOTION TO COMPEL - 2

P. 26(b)(1).  Defendants argue that production of all requested materials would be unduly burdensome, as the FDIC-R's requests for production are worded quite broadly.  See Dkt. # 67, App'x A (seeking documents "related to" the contested claim, the meaning of the disputed policy terms, and reinsurance policies).  The Court agrees that the FDIC-R's requests, read literally, would require the production of all documents that *contain* the disputed policy terms, as those documents would shed light on the "meaning" of the policy terms.  Defendants have shown that production of all such documents would be unduly burdensome, and so the Court will limit the scope of First Document Request Nos. 14 and 15, and of Second Document Request No. 2, to materials (1) from the period of 2004 through 2008; (2) that contemplate a dispute over the meaning of the relevant policy term; (3) in the context of a fidelity bond insurance policy like the ones at issue in this case.

Finally, defendants may not evade their discovery responsibilities through the wholesale assertion of attorney-client or work-product privilege.  Rather, defendants may assert specific, applicable privileges in a privilege log.

For all the foregoing reasons, plaintiff's motion to compel (Dkt. # 67) is GRANTED in part.  The parties are directed to meet and confer and to work in good faith to narrow the categories of materials sought, which will further reduce the burden on defendants and will maximize the utility of discovery for both parties.

SO ORDERED this 4th day of April, 2017.

*Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL - 3