UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for Washington Mutual Bank,<br><br>Plaintiff,<br><br>v.<br><br>ARCH INSURANCE COMPANY, *et al.*,<br><br>Defendants. | No. C14-545RSL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE MORE THAN TEN DEPOSITIONS |

This matter comes before the Court on "Plaintiff Federal Deposit Insurance Corporation's Motion to For Leave to Take More Than Ten Depositions." Dkt. # 93.  Plaintiff seeks permission to conduct up to nineteen depositions in this matter, including three depositions that certain defendants also wish to take and accordingly do not oppose as depositions in excess of the ten-deposition limit.  Plaintiff has identified each of the proposed deponents, explained their connection with this litigation, and set forth the information they hope to acquire from each witness.  Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

The ten-deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A) is not absolute, and in light of the number of corporate defendants and non-party witnesses involved in this litigation, plaintiff has shown that relief from that limit is consistent with the principles set forth in Fed. R. Civ. P. 26(b)(2).  See Dkt. # 93 at 6–10; Dkt. # 122 at 5–6; Thykkuttathil v. Keese, No. C12-

ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS - 1

1749RSM, 294 F.R.D. 601, 603 (W.D. Wash. Nov. 13, 2013) ("The breadth and complexity of the case is a factor for the Court to consider in determining whether enlargement is warranted."). Defendants make no individualized effort to show that these depositions would be unreasonably cumulative, unduly burdensome, or irrelevant. Instead, defendants argue that plaintiff's request is premature, as plaintiff has not yet taken the ten depositions provided for in Rule 30(a)(2)(A) or attempted to use alternative discovery methods to obtain the information sought. Dkt. # 95. While parties should "ordinarily exhaust their allowed number of depositions" before requesting more, Thykkuttathil, 294 F.R.D. at 603, the Court is satisfied that the impending discovery deadline of June 1, 2017, warrants an order granting leave sooner rather than later.

For all of the foregoing reasons, plaintiff's motion for leave to take additional depositions (Dkt. # 93) is GRANTED.

SO ORDERED this 5th day of April, 2017.

Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS - 2