UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL DEPOSIT INSURANCE
CORPORATION as Receiver for Washington
Mutual Bank,

Plaintiff,

v.

ARCH INSURANCE COMPANY, *et al.*,

Defendants.

No. C14-545RSL

ORDER DENYING PLAINTIFF'S
MOTION FOR PROTECTIVE
ORDER AGAINST NATIONAL
UNION'S 30(B)(6) DEPOSITION
NOTICE

This matter comes before the Court on "Plaintiff Federal Deposit Insurance Corporation's Motion for Protective Order Against National Union's 30(B)(6) Deposition Notice." Dkt. # 133. In this case, plaintiff Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank ("FDIC-R"), sues various insurance companies for refusing to cover certain losses under fidelity bond insurance policies held by Washington Mutual Bank ("WaMu"). Pursuant to Federal Rule of Civil Procedure 30(b)(6), defendant National Union Fire Insurance Company of Pittsburgh ("National Union") seeks to depose an officer of FDIC-R to testify on FDIC-R's behalf regarding WaMu's knowledge of the events giving rise to this suit. In response, FDIC-R filed this motion for a protective order, claiming that as Receiver for WaMu it has no special knowledge of the facts underlying this case or of the discovery materials it has produced because those materials were mostly produced by WaMu. Having reviewed the parties' briefing, declarations, exhibits, and the remainder of the record, the Court finds as follows.

ORDER DENYING PLAINTIFF'S
MOTION FOR A PROTECTIVE ORDER - 1

Under the Federal Rules of Civil Procedure, parties may generally obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Information need not be admissible at trial to be discoverable. Fed. R. Civ. P. 26(b)(1). During discovery, a party may depose a public or private corporation, or a governmental agency, which must then designate one or more officers to testify on its behalf, as well as the matters on which each designated person will testify. The person designated must testify about information known or reasonably available to the organization. Fed. R. Civ. P. 30(b)(6).

FDIC-R argues that the information that National Union seeks to glean from an FDIC-R Rule 30(b)(6) witness is not actually "known or reasonably available" to anyone at FDIC-R, and accordingly that it would be disproportionately burdensome to "create" a Rule 30(b)(6) witness by "educating" an FDIC-R officer about the relevant WaMu history solely for the purpose of the deposition. FDIC-R thus asks the Court to quash National Union's Rule 30(b)(6) deposition notice, or alternatively to issue a protective order narrowing the scope of the subjects set forth in the notice and ordering National Union to reschedule the deposition so that FDIC-R's designated officer may have time to prepare.

National Union points to a number of cases in which district courts have rejected this same objection from FDIC-R to a Rule 30(b)(6) deposition notice. In all of those cases, the court concluded that FDIC-R's status as Receiver did not constitute a *per se* bar on its Rule 30(b)(6) obligations. See Fed. Deposit Ins. Corp. v. Giancola, No. 13 C 3230, 2015 WL 5559804, at *3 (N.D. Ill. Sept. 18, 2015) (holding that FDIC-R's lack of involvement with the bank prior to its failure "does not absolve FDIC-R from the duty to present a witness to testify about the factual allegations that FDIC-R – after a lengthy investigation – chose to make"); Fed. Deposit Ins. Corp. v. Hutchins, No. 1:11-CV-1622-AT, 2013 WL 12109446, at *2 (N.D. Ga. Oct. 25, 2013) ("[S]uch a broad holding precluding 30(b)(6) depositions in this context would vitiate almost all requests to depose an FDIC corporate designee."); Fed. Deposit Ins. Corp. v.

ORDER DENYING PLAINTIFF'S
MOTION FOR A PROTECTIVE ORDER - 2

Wachovia Ins. Servs., Inc., No. 3:05 CV 929(CFD), 2007 WL 2460685, at *2 (D. Conn. Aug. 27, 2007) ("[T]hat FDIC had no pre-failure involvement with [the bank] does not, standing alone, relieve it of its obligation to designate a responsive Rule 30(b)(6) deponent.").

Rather, those courts concluded that FDIC-R's Receiver status affected the scope of the information that could be considered "reasonably available" to FDIC-R for purposes of the Rule 30(b)(6) analysis. For example, in Federal Deposit Insurance Corporation v. Giancola, the district court found that

> the information available to FDIC-R as to Midwest may be affected by the fact that it had no involvement with the bank prior to its failure. Accordingly, we find . . . that FDIC-R is not required to undertake an exhaustive investigation to obtain information that it does not know and does not have access to because of its lack of involvement with the failed bank. Rather, FDIC-R's Rule 30(b)(6) deponent is required only to testify as to "reasonably available" facts . . . .

2015 WL 5559804, at *3 (internal citations and quotation marks omitted); see also Hutchins, 2013 WL 12109446, at *6–7 ("FDIC is required to make a good faith effort to prepare a 30(b)(6) deponent based on reasonably available information, and the mere fact that a designee cannot answer every question on a certain topic . . . does not necessarily mean that it has failed to comply with its obligation. . . . FDIC is under no affirmative obligation to track down and interview former [bank] employees." (internal citations and quotation marks omitted)).

The Court finds these decisions persuasive and concludes that FDIC-R's Receiver status does not relieve it of the obligation to produce a Rule 30(b)(6) witness. Rather, FDIC-R must "make a good faith effort to prepare a 30(b)(6) deponent based on reasonably available information," Hutchins, 2013 WL 12109446, at *6 – information which may or may not be obtained through JPMorgan Chase, see Dkt. # 142 at 31–32. Of course, National Union may find that FDIC-R's Rule 30(b)(6) deponent is not the best source of the information it seeks. Cf. Hutchins, 2013 WL 12109446, at *6 ("Defendant Hutchins's exploration of an FDIC designee's knowledge . . . may reveal little in return for his and his counsel's effort, but it is his right to

ORDER DENYING PLAINTIFF'S
MOTION FOR A PROTECTIVE ORDER - 3

conduct such exploration."). Given that trial in this matter has been reset for June 2018, with a discovery deadline of February 4, 2018, the parties have ample time to work together to ensure that National Union's deposition of FDIC-R's designated Rule 30(b)(6) officer is productive rather than overly burdensome.

For all the foregoing reasons, FDIC-R's motion for a protective order (Dkt. # 133) is DENIED.

SO ORDERED this 25th day of May, 2017.

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S
MOTION FOR A PROTECTIVE ORDER - 4